UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO RIVERA, | : | CIVIL ACTION #: _____ |
| Plaintiff | : | |
| V. | : | |
| | : | |
| BURRIS LOGISTICS, INC, | : | |
| Defendant | : | December 31, 2018 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF THE CLAIMS**

1. This is an action to redress Defendant's unlawful discrimination against Plaintiff because of his disabilities in violation of the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. §§ 12101 et seq.; and the Connecticut General Statutes (CGS) §46a-60. More specifically, the defendant was denied employment because of his history of heroin addiction even though he was in a medically-supervised rehabilitation program for treatment of his addiction.

2. The plaintiff filed charges against the defendant for discrimination with the US Equal Employment Opportunity Commission (EEOC).

3. The EEOC sustained the charge of discrimination. In its Determination Letter the Commission states as follows:

   "Based upon evidence uncovered during the investigation, the Commission determines that Charging Party is a qualified individual with a disability, and that Respondent was on notice of that disability … [and] failed to conduct an adequate individualized assessment to determine whether the Charging Party could safely perform the essential functions of the sorter position, with or without a reasonable accommodation." See **Exhibit B**.

4. Thereafter the (EEOC) issued the plaintiff (Charging Party) a Notice of Right to Sue. See **Exhibit A**.

1

PHONE (203) 333-1122   FAX (203) 332-9896   CELL (860) 985-4937
eliolaw.com   eliomorgan@sbcglobal.net   eliolaw@optimum.net

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). Relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Plaintiff has exhausted all required administrative remedies.

2. The Court has supplemental jurisdiction over Plaintiff's related state claims pursuant to 28 U.S.C. § 1367(a).

3. The Court has personal jurisdiction over the parties. The plaintiff is a resident of this state and the defendant conducts business in this state and is subject to service of process in this state under Rule 4 (e) and (h) FRCP.

4. Venue is proper under 28 U.S.C. § 1391(b) and (a) as the events or omissions giving rise to the asserted claims occurred in Connecticut.

## THE PARTIES

5. The Plaintiff, Ricardo Rivera, is an individual and resident of the City of Waterbury, State of Connecticut.

6. The Defendants, Burris Logistics, Inc, is a corporation organized and existing under the laws of the State of Delaware, ID 0924680, with its principal place of business located at 501 S.E. 5th Street, Milford, DE, 19963. It maintains a primary place of business in this state in Rocky Hill; and has designated Corporation Service Company, 50 Weston Street, Hartford, CT 06120, its registered agent for service of process in Connecticut.

## FACTUAL ALLEGATIONS

7. The Defendant lends itself out as a national distributor of perishable, fresh food products.

PHONE (203) 333-1122   FAX (203) 332-9896   CELL (860) 985-4937
eliolaw.com   eliomorgan@sbcglobal.net   eliolaw@optimum.net

8. It claims to handle the technology, procurement, warehousing and transportation of the products it distributes.

9. Defendant employs thousands of workers nationwide and more than fifteen in this state at its warehouse and offices located at 490 Brook Street in Rocky Hill, CT.

10. On or about April 23, 2015, the Plaintiff applied for and was offered a Selector position at said facility subject only to a pre-employment drug test.

11. Plaintiff has a documented history of heroin addiction.

12. The defendant was on notice of said addiction.

13. At the time of his application and for some time prior, Plaintiff was in a medically supervised rehabilitation out-patient treatment program at Connecticut Counseling Center in Waterbury.

14. In said program the plaintiff was administered daily prescribed doses of methadone.

15. As expected, Plaintiff's drug test returned positive for traces of methadone.

16. Based solely upon said result, the defendant denied the plaintiff the job opportunity.

17. At the time of said denial the plaintiff was otherwise qualified for the position in that: he had performed similar functions for other CT employers - Bernies in Bloomfield; Warehouse in Cheshire; Dairy Farms in Tolland; and Fowler & Huntting in Hartford.

18. In anticipation of his employment, Plaintiff resigned from his then current employment and forego other opportunities.

19. Plaintiff was ready and prepared to perform.

**FIRST COUNT: Discrimination in Violation of the ADA, 42 U.S.C. §§ 12101 et seq.**

The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 19 as though fully set forth herein.

20. The plaintiff has a documented history of heroin addiction.

PHONE (203) 333-1122   FAX (203) 332-9896   CELL (860) 985-4937
eliolaw.com   eliomorgan@sbcglobal.net   eliolaw@optimum.net

21. Heroin addiction and drug abuse is a covered disability under the ADA.

22. At the time he applied to Burris Logistics he was not a current drug user/abuser.

23. At the time he applied to Burris Logistics he was in an outpatient treatment program for said addiction.

24. Burris Logistics was on notice of said addiction and treatment program.

25. Nevertheless, Burris Logistics, by and through its agents, servants, and/or employees, retracted its offer of employment and denied the plaintiff employment because of the positive methadone result.

26. The defendant failed to conduct any individualized assessment to determine whether the plaintiff could safely perform the job functions with or without reasonable accommodation prior to its decision to deny him employment.

27. The plaintiff was qualified for the position and has demonstrated from prior job experience that he could safely perform the essential functions without accommodation.

28. The acts and omissions by the defendant were knowing, willful and/or demonstrate a high degree of reckless disregard for the rights of the plaintiff and the laws of Congress, specifically the ADA.

29. As a result of the defendant's unlawful acts and omissions, the plaintiff suffered monetary and emotional damages.

**SECOND COUNT – Violation of Connecticut Fair Employment Practices Act (CGS §46a-60)**

The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-29 as though fully set forth herein.

30. Plaintiff is a member of the class of persons protected under CGS §46a-58(a), 46a-60.

31. He was qualified for the position of Selector/Sorter.

32. He was denied the position because of his disability.

PHONE (203) 333-1122   FAX (203) 332-9896   CELL (860) 985-4937
eliolaw.com   eliomorgan@sbcglobal.net   eliolaw@optimum.net

33. Said denial occurred under circumstances giving rise to an inference of discrimination.

34. As a direct and proximate result of said adverse employment decision by the defendant, the plaintiff suffered economic and emotional damages.

35. The plaintiff brings this action seeking relief for said damages.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

1. Punitive damages;
2. Compensatory damages for lost income and emotional distress;
3. Reasonable Counsel fees and costs associated with this action;
4. Such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,
RICARDO RIVERA, PLAINTIFF

By /ss/ ct26687
Elio Morgan (Fed. Bar. #: CT26687)
1000 Lafayette Blvd, Flr 11
Bridgeport, CT 06604
Tel: (203) 333-1122; Fax: (203) 332-9896
eliolaw@optimum.net

**EXHIBIT A**

EEOC Form 161-A (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| **To:** Ricardo Rivera<br># 291878<br>Northern CI<br>3W-217<br>P.O Box 665<br>Somers, CT 06071 | **From:** Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2015-30408 | Anthony M. Pino, Jr.,<br>Enforcement Supervisor | (617) 565-3192 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth An*

OCT 03 2018

Feng K. An,
**Area Office Director**

(Date Mailed)

Enclosures(s)

cc:

BURRIS LOGISTICS
c/o Gerald T. Giaimo, Esq.
Halloran & Sage, LLP
One Century Tower
265 Church Street, Suite 802
New Haven, CT 06510

**EXHIBIT B**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Boston Area Office

John F. Kennedy Federal Building
Government Center
Room 475
Boston, MA 02203-0506
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

# DETERMINATION

Charge No: 846-2015-30408

**Charging Party**
Ricardo Rivera
# 291878
Northern CI
3W-217
P.O Box 665
Somers, CT  06071

**Respondent**
Burris Logistics
c/o Gerald T. Giaimo, Esq.
Halloran & Sage, LLP
One Century Tower
265 Church Street, Suite 802
New Haven, CT 06510

On behalf of the U.S. Equal Employment Opportunity Commission ("the Commission"), I issue the following determination on the merits of the subject charge filed under the Americans with Disabilities Act of 1990, as amended (ADA). Burris Logistics, hereinafter referred to as Respondent, is an employer within the meaning of the ADA and all other jurisdictional elements have been met.

The Charging Party in the above-referenced charge alleges that he was subjected to discrimination based on his disability, in violation of the ADA. There is no dispute that on April 23, 2015, the Charging Party applied for the Selector Position and on June 18, 2015, Charging Party was informed by Respondent that that the position would no longer be offered to him in light of a pre-employment drug screening, which yielded positive results for methadone. Charging Party alleges that he was prescribed methadone as part of a medically-supervised rehabilitation program to treat his addiction, and that he was undergoing this treatment when he applied for the job with Respondent. Charging Party further alleges that when the results of the drug screening revealed methadone in his system, Respondent discriminated against him by rescinding the offer of employment on the basis of his disability, without determining whether Charging Party was qualified for the position with, or without, a reasonable accommodation.

Respondent maintains that it was unaware of Charging Party's disability, and further maintains that the decision to withdraw the offer of employment was a matter of safety. Respondent claims that the position of Selector is a safety-sensitive position and requires the operation of a pallet jack, forklift, and other equipment. Respondent further contends that the effects of the drug methadone may cause cognitive and psychomotor deficits, posing a direct threat to health and safety. Respondent has included a report

from a Dr. Swotinsky, an occupational medicine physician and consultant.

Based upon evidence uncovered during the investigation, the Commission determines that Charging Party is a qualified individual with a disability, and that Respondent was on notice of that disability. The investigation further reveals that Respondent, having received notice of Charging Party's disability, failed to conduct an adequate individualized assessment to determine whether the Charging Party could safely perform the essential functions of the Sorter position, with or without a reasonable accommodation. Although Respondent has submitted the opinion of a Dr. Swotinsky about the effects of methadone generally, the evidence uncovered during the investigation reveals that Respondent never met with or examined Charging Party to determine what the actual effects of his medical condition were on his ability to perform the particular job at issue, nor did Respondent consult with Charging Party's physician. Thus, the evidence indicates that Respondent failed to conduct any individualized assessment as to whether or not Charging Party, based upon objective evidence, posed a direct threat to other employees as a result of his disability.

For the reasons mentioned above the Commission has determined that there is cause to believe that violations of the Americans with Disabilities Act have occurred. This determination is final.

The ADA requires that, if the Commission determines that there is reasonable cause to believe that violations have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. If Respondent is interested in engaging in conciliation efforts, please contact me within 10 days from receipt of this letter. If you have any further questions, Anthony Pino, Enforcement Supervisor can be reached at (617) 565-3192.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with Title VII and the Commission's Procedural Regulations.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On behalf of the Commission:

_[signature]_       JUL 1 8 2017
Kenneth An             Date
Acting Area Director

2